IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR JAMES TIGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cv-342-ECM-JTA |
| | ) | |
| LEE COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Arthur James Tigner ("Plaintiff"), appearing *pro se*, filed this action alleging claims relating to his treatment as an inmate kitchen worker at the Lee County Jail. (Doc. No. 1-1 at 2-5.) Plaintiff names as defendants the following: Lee County Jail, Gwendolyn Crawell, Carl Key, Deborah Teodoro and unnamed members of the kitchen staff at the jail (collectively "Defendants"). (Doc. No. 1-1.) Pursuant to 28 U.S.C § 636, this case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings and entry of any order or recommendations as may be appropriate. (Doc. No. 2.)

This cause is before the court on Defendants' Motion to Dismiss Plaintiff's Complaint or, in the alternative, Motion for a More Definite Statement (Doc. No. 10), Plaintiff's response in opposition (Doc. No. 17), and Defendants' reply (Doc. No. 18). For the reasons stated herein, the undersigned recommends that the motion for a more definite statement be GRANTED and the motion to dismiss be DENIED as moot.

## I.      BACKGROUND

On April 12, 2021, Plaintiff filed a hand-written, partially illegible Complaint alleging discrimination under Title VII of the Civil Rights Act of 1964 against Defendants in the Circuit Court of Lee County, Alabama.  (Doc. No. 1-1 at 2.)  Plaintiff complains of a "hostile work environment" as an inmate kitchen worker, alleges he was subject to "verbal abuse" and "verbal harassment" from his supervisor and the kitchen staff, and alleges that his "constitutional rights [have] been violated [because he] was made to leave [his] job." (*Id*. at 2.)  Plaintiff further alleges the cook is "selling food without [a permit] or being a restaurant[,]" he ate some of the food "and got sick," and that "the sell [sic] of food without [permit] or [being] a restaurant is against the law."  (*Id*. at 2, 3.)

Defendants removed the action to this court on May 11, 2011.[1]   (Doc. No. 1.) Thereafter, Plaintiff filed another Complaint against the Lee County Jail in the Circuit Court of Lee County, Alabama, after an assault by a corrections officer and an unknown inmate.[2] (Doc. No. 8-1.)

---

[1] Defendants removed this action on the basis that this court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and § 1343.  (Doc. No. 1 at 2.)  Yet, Defendants also moved to dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  (*See* Docs. No. 10, 11.)  The inconsistent positions taken by Defendants are disturbing. Nevertheless, the undersigned reserves any recommendation as to the determination of subject matter jurisdiction until after Plaintiff has amended his complaint.

[2] Plaintiff informed the court at oral argument on June 11, 2021, that the second Complaint was supposed to be filed as a separate lawsuit as the assault alleged in the second Complaint is not related to the kitchen incident alleged in the first Complaint.

On May 28, 2021, Defendants filed a motion to dismiss or, in the alternative, motion for a more definite statement.[3]   (Doc. No. 10.)   Defendants contend that the Plaintiff's complaint is due to be dismissed for the following reasons:

(a) Plaintiff does not enjoy an employee-employer relationship with the Defendants and, thus, is not entitled to the protections of Title VII of the Civil Rights Act of 1964;

(b) Plaintiff has failed to exhaustive administrative remedies of the Equal Employment Opportunity Commission, a prerequisite for Title VII suits;

(c) Plaintiff has failed to plead that he was discriminated against on the basis of race, color, religion, sex, or national origin as required under Title VII;

(d) Plaintiff lacks standing to seek prosecution or redress for claims that the jail kitchen is being operated as a restaurant without a permit;

(e) the Lee County Jail is not an entity subject to suit;

(f) Plaintiff's claims against "kitchen staff" are due to be dismissed as fictitious party pleading is not allowed in federal court;

(g) the individual Defendants are entitled to qualified immunity from Plaintiff's claims;

(h) Plaintiff has failed to satisfy the Prison Litigation Reform Act's exhaustion requirements; and

(i) Plaintiff cannot maintain an official capacity claim against Defendants.

*Id.*   However, Defendants acknowledge that a *pro se* plaintiff is held to a less stringent standard than an attorney and the court will ordinarily afford a plaintiff an opportunity to amend the complaint prior to dismissal.  (Doc. No. 11 at 17, 18.)  Thus, Defendants request, in the alternative of dismissal, that the court require Plaintiff to replead his claims in

---

[3] Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (Doc. No. 11 at 2.)  Defendants do not mention Federal Rule of Civil Procedure 12(e) in seeking a more definite statement.  (Docs. No. 10, 11.)

numbered paragraphs and separate counts pursuant to Federal Rule of Civil Procedure 10 so they can adequately respond.  (*Id*. at 19.)

Plaintiff filed a rambling response in opposition to the motion on July 22, 2021. (Doc. No. 17.)  Although Plaintiff does not specifically address the legal arguments in Defendants' motion and memorandum in support thereof, Plaintiff requests the "court deny the denfendant's [sic] motion to dismiss[.]"  (Doc. No. 17.)  Defendants filed a reply on July 26, 2021.  (Doc. No. 18.)

## II.   STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *See Resmick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Pursuant to Federal Rule of Civil Procedure 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Where a plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," the Eleventh Circuit has granted relief under this Rule. *Lewis v. Marriott International Inc.,* No. 1:18-CV-5917-WMR, 2019 WL 12338316 at *1 (N.D. Ga. 2019) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). "The Eleventh Circuit has also held that a 'shotgun' pleading is improper and, therefore, cannot serve as an action's operative complaint." *Id.* (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as

5

*de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (internal citations and quotation omitted).   A *pro se* complaint still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).   Indeed, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Poursaied v. Reserve at Research Park LLC,* 379 F. Supp. 3d 1182, 1187 (N.D. Ala. 2019) (quoting *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989)).

## III.   DISCUSSION

The undersigned has thoroughly reviewed Plaintiff's Complaint and finds that it is the prototypical example of a "shotgun pleading" that does not comply with the Federal Rules of Civil Procedure.   A complaint constitutes a shotgun pleading when it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).   Plaintiff's Complaint — albeit short — consists of a large body of undifferentiated factual allegations, random references to case law, and abundant legal conclusions.   In addition, Plaintiff's Complaint is completely devoid of specificity — providing little notice to Defendants and to the court of what claims Plaintiff has asserted and what factual allegations support his claims. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings

6

is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each factual allegation be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1). "The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (internal quotations omitted).  Further, Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).   These rules work together and "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (internal quotations and citation omitted).  Plaintiff's Complaint fails to comply with these rules.

 Plaintiff's Complaint exhibits the characteristics of a shotgun pleading which have been "roundly condemned" in the Eleventh Circuit "both for the confusion they cause litigants and the havoc they wreak on the docket." *McCall v. Bank of America, N.A.*, Case No. 2:16-cv-184-WKW, 2016 WL 5402748, at *1 (M.D. Ala. Sept. 26, 2016). In *McCall*, the court explained that there are four varieties of shotgun pleadings:

(1) complaints "containing multiple counts where each count adopts the

allegations of all preceding counts," (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) complaints that fail to "separat[e] into a different count each cause of action or claim for relief," and (4) complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Id.* (quoting *Weiland*, 792 F. 3d at 1322–23). Plaintiff's Complaint falls into the second, third and fourth varieties. First, the Complaint is replete with ambiguous and conclusory facts such as Plaintiff "was made to leave [his] job just because, of [his] was treaten [sic] a few weeks before . . . ." (Doc. No. 1-1 at 2.) Second, the Complaint alleges "hostile work environment claim," "discrimination in the workplace," Plaintiff's "constitutional rights [have] been volated [sic][,]" and Plaintiff "was made to leave [his] job[,]" but does not separate into counts each cause of action or claim for relief. (*Id.*) Third, the Complaint names numerous defendants but does not state any facts connecting them to the conduct at issue, does not list a cause of action or count against them nor state the supporting factual allegations for a count against them. (*See id.*) In other words, Plaintiff's Complaint lacks the requisite specificity and leaves the court to guess what exactly he is claiming, what are the supporting factual allegations for the claims, why he is asserting the claims against Defendants and how the facts represent a violation of federal or state law.

The undersigned agrees with Defendants that a more definite statement is warranted. Courts in the Eleventh Circuit routinely instruct *pro se* litigants to correct their shotgun pleadings by filing an amended complaint that complies with the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Georgia.*, 661 F. App'x 578 (11th Cir. 2016); *Giles*, 359 F. App'x at 92–93; *Magluta v. Samples*, 256 F.3d 1282, 1284 n.3 (11th Cir.

2001) ("We have held that district courts confronted by [shotgun] complaints have the inherent authority to demand repleader *sua sponte*.").  Indeed, the Eleventh Circuit has found that prior to "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give plaintiff one chance to remedy such deficiencies."  *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotations and citation omitted).  Although the court could consider Defendants' motion to dismiss under Rule 12(b)(6), the undersigned finds that the fitting remedy is to order Plaintiff to redraft the pleading such that it complies with Rules 8(a)(2) and 10(b).  *See Barmapov v. Amuial*, 986 F.3d 1321, 1330 (11th Cir. 2021) (Tjoflat, J., concurring) ("There may be times where, in the face of a Rule 12(b)(6) motion, the district court will conclude the appropriate remedy is an order directing the plaintiff to file a more definite statement, not a dismissal without prejudice.") (citation omitted); *Binion v. The United States Department of Agriculture*, No. 2:18-CV-544-MHT-WC, 2019 WL 4671157 at *3 (M.D. Ala. Aug. 22, 2019) ("Rather than granting a motion to dismiss, 'the better course is to require a more definite statement […] to cure deficiencies that make it a shotgun pleading.'") (citation omitted).  Accordingly, Defendant's motion for more definite statement is due to be granted and Plaintiff should be afforded an opportunity to file an amended Complaint which sets forth individual claims against Defendants and alleges facts in support of each claim so that Defendants can "frame a responsive pleading." *Beckwith*, 146 F. App'x at 371.

## IV.   CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. Defendants' Motion for a More Definite Statement (Doc. No. 10) be GRANTED.

2. Defendants' Motion to Dismiss (Doc. No. 10) be DENIED as moot.

3. This matter be REFERRED back to the undersigned for further proceedings.

It is further ORDERED that Plaintiff may file any objections to this Recommendation **on or before January 25, 2022**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of January, 2022.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE