IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ARTHUR JAMES TIGNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:21-cv-342-ECM-JTA |
| | ) |
| LEE COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Arthur James Tigner ("Plaintiff"), appearing *pro se*, filed this action alleging claims relating to his treatment as an inmate kitchen worker at the Lee County Jail. (Doc. No. 1-1 at 2-5.) Plaintiff names as defendants the following: Lee County Jail, Gwendolyn Crawell, Carl Key, Deborah Teodoro and unnamed members of the kitchen staff at the jail (collectively "Defendants"). (Doc. No. 1-1.) Pursuant to 28 U.S.C § 636, this case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings and entry of any order or recommendations as may be appropriate. (Doc. No. 2.)

On January 27, 2022, the court ordered Plaintiff to file an amended complaint on or before February 11, 2022, that complies with the Federal Rules of Civil Procedure and provided specific instructions with respect to filing the amended complaint. (Doc. No. 22.) Plaintiff was cautioned that his failure to comply with the directives of that Order would result in a Recommendation by the undersigned that this case be dismissed without

prejudice for his failure to comply with the order. (*Id*. at 2.) Plaintiff did not file an amended complaint.

On February 18, 2022, the undersigned ordered Plaintiff to show cause, on or before March 3, 2022, why he failed to comply with the Court's Order entered on January 27, 2022, and why his case should not be dismissed for failure to prosecute. (Doc. No. 23.) Plaintiff was advised that failure to comply with that Order would be viewed by the Court as an indication that he was no longer interested in prosecuting the case. (*Id*. at 1.) Review of the docket sheet shows Plaintiff was served with that Order on February 23, 2022. (Doc. No. 24.)

The time allowed for Plaintiff to file the amended complaint expired on February 11, 2022, and the time allowed for him to show cause why the case should not be dismissed for failure to prosecute expired on March 3, 2022. (Docs. No. 22, 23.) To date, Plaintiff has not filed an amended complaint as directed, shown cause why his case should not be dismissed, sought an extension of either deadline, or otherwise complied with the Orders of the court.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or follow a court order. Fed. R. Civ. P. 41(b). *See also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v.*

*Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). *See also Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket").

While the court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. *See Coleman*, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); *Taylor v. Spaziano*, 251 F. App'x 616, 620–21 (11th Cir. 2007) (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); *Brown*, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). Here, Plaintiff failed to follow this court's Orders despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.")

3

(citation omitted).  Consequently, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that the parties may file any objections to this Recommendation **on or before March 25, 2022**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of March, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE